UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN W. BARKER, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:16-cv-495-SEB-MPB |
| NANCY A. BERRYHILL, | ) |
| | ) |
| Defendant. | ) |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTFF'S REQUEST FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This case is before the court on a motion by counsel for Plaintiff John W. Barker, Jr. ("Barker") for approval of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2414(d). Dkt. No. 24. Counsel's request was referred to Magistrate Judge Matthew P. Brookman for issuance of a recommended decision. On April 3, 2017, Magistrate Judge Brookman issued a Report and Recommendation ("R&R" [Dkt. No. 30]) concluding that Barker should be awarded $3,978 in attorney's fees and noting that the fees go to Barker and can be offset to satisfy any pre-existing debt to the Government. The Magistrate Judge further recommended that Defendant, the Commissioner of Social Security, be required to verify whether Barker owes such a debt. If not, the Magistrate Judge recommended, the Commissioner should direct payment to Barker's counsel pursuant to the EAJA assignment Barker had filed with the Court. If Barker owed an outstanding debt, the Magistrate Judge recommended that the

1

Commissioner file a statement with supporting evidence of the debt that was subject to offset. We address below the objections by the Commissioner's objections to the Magistrate Judge's R&R. Dkt. No. 31 ("Obj.").

## I. Relevant Factual and Procedural Background[1]

Barker initially brought this action to contest the Commissioner's denial of Barker's request for Social Security and disability insurance benefits. Subsequently, the parties filed a joint motion to remand Barker's case to the Administrative Law Judge for further proceedings; we granted that motion on October 14, 2016. Dkt. Nos. 21 and 22.

On January 12, 2017, counsel for Barker moved for fees under the EAJA in the amount of $3,978. Dkt. No. 24. The Commissioner stipulated to this amount and additionally requested that the Court's order awarding fees provide that such fees belong to Barker and can be offset to satisfy any pre-existing debt that he may owe to the Government. Dkt. No. 26 at 2 (citing *Astrue v. Ratliff*, 560 U.S. 586 (2010)). The Commissioner asserted that, after the Court enters its order awarding fees, she would verify that Barker does not owe any pre-existing debt subject to offset. *Id.* So long as Barker did not have any outstanding debt and his counsel produced a valid assignment of fees for an award under the EAJA, she would ensure that the award be made to counsel. *Id.* Barker then filed the agreement including the appropriate EAJA assignment. Dkt. Nos. 27 and 27-1.

---

[1] The parties do not dispute the facts and have not objected to the Magistrate Judge's articulation of the factual or procedural background.

2

On March 1, 2017, the Magistrate Judge issued an Order to Show Cause to the Commissioner requiring her to state whether Barker owed any debt to the United States and if so, the amount of the debt. Dkt No. 28. The Magistrate Judge determined that whether any outstanding debt existed should be resolved prior to an order on Barker's request for fees. *Id*.

On March 14, 2017, the Commissioner responded to the Show Cause Order, explaining that proper procedure requires the issuance of an award of fees under the EAJA that would allow a determination of whether Barker owed a preexisting debt to be made. Dkt. No. 29 at 1-2 (citing *Jones v. Colvin*, No. 1:12-cv-50438, 2014 WL 3696071, at *4 (N.D. Ill. July 22, 2014); *Brown v. Astrue*, No. 1:11–cv–1000–JMS-MJD, 2012 WL 6626893, at *2 (S.D. Ind. Dec. 19, 2012)). Accordingly, the Commissioner requested that the Court award fees under the EAJA with a statement that the Commissioner must next ascertain whether Barker owes a preexisting debt to the Government that is subject to offset. *Id*. at 3. The Commissioner asserted that if Barker did not owe such a debt, the Commissioner would pay the fees directly to Barker's counsel, pursuant to the EAJA assignment on file with the Court. *Id.*

Magistrate Judge Brookman's April 30, 2017 R&R recommended that we grant Barker's petition for attorney's fees in the amount of $3,978.00. Dkt. No. 30. The Magistrate Judge further recommended that the Commissioner verify whether Barker owes a pre-existing debt to the Government and, if not, direct that the award be made payable to Barker's attorney. *Id*. If Barker did have such outstanding debt, the Magistrate Judge

directed the Commissioner to file a statement, along with supporting evidence of the debt, within 60 days of the this Court's order awarding fees. *Id*.

The Commissioner's objections to the findings in the R&R followed. Barker has not responded, and the time period for doing so has elapsed. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b).

## II. Standard of Review

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

## III. Discussion

The Commissioner objects to the Report and Recommendation to the extent it would require her to verify whether Barker owes a pre-existing debt to the United States Government subject to offset. She further objects to the Magistrate Judge's recommendation requiring her to file with the Court a statement and evidence establishing the amount of debt that Barker owes, if he has outstanding debt. Obj. at 2, 4-5. We address these issues in turn.

### A. First Objection—recommended requirement that the Commissioner verify the existence of any outstanding debt owed by Barker

The Commissioner asserts that it is the Treasury Department, rather than the Commissioner or the Social Security Administration, that is statutorily authorized to verify whether an individual owes an outstanding debt to the United States. Obj. at 4 (citing 31 U.S.C. § 3716(c); Bureau of the Fiscal Service, Overview of the Centralized Offset of Payments Representing Reimbursement of Attorney's Fees and Costs Under the Equal Access to Justice Act ("EAJA Overview") at 2.[2]). The Commissioner explains that she cannot readily obtain information concerning a litigant's outstanding debt. *Id*. at 4-5. The litigant himself is best able to obtain this information from the Treasury Department, and the Commissioner provides two avenues for doing so. *Id*. at 4-5. Privacy concerns, however, limit the information that the Treasury Department is able to disclose to: 1) the existence of any outstanding debt; and 2) the creditor agency's name and contact information. *Id*. at 5; *see* Privacy Act of 1974, 5 U.S.C. § 552a. Thus, the Commissioner objects to the R&R because "it requires the Commissioner to verify whether Plaintiff owes a debt to the government, which is a duty delegated to the Treasury." *Id.*

The Commissioner correctly notes, and Court is well aware, that the Treasury Department is the governmental agency responsible for maintaining a database containing information reflecting whether a litigant, like Barker, owes an outstanding debt to the Government. *See, e.g., English v. Colvin,* No. 1:11-cv-244-RLY-DKL, 2015

---

[2] The EAJA Overview is available at https://fiscal.treasury.gov/fsservices/gov/debtColl/pdf/top/EAJA_Offset.pdf (last visited February 15, 2018).

WL 5227854, at *5 (S.D. Ind. Sept. 8, 2015) ("The Department of the Treasury, not the Commissioner, determines whether a payment from the government is subject to offset, and it does so at the time a payment or award is allowed."). However, the Commissioner's objection to the R&R on this basis elevates form over substance. According to the EAJA Overview relied on by the Commissioner, the Treasury Department's Fiscal Service "may disclose information to the Department of Justice or another federal agency when requested in connection with a legal proceeding[.]" EAJA Overview, *supra* n. 2, at 4. Moreover, numerous orders entered in similar cases reference the Commissioner's responsibility for finding evidence of a plaintiff's outstanding debt for purposes of verifying pre-existing debt subject to offset. *See, e.g.*, *Hargrove v. Berryhill*, No. 1:16-cv-01922-TWP-MJD, slip op. at 6 (S.D. Ind. Feb. 12, 2018); *Staley v. Berryhill*, No. 4:15-cv-00178-TAB-RLY, 2017 WL 2181151, at *3 (S.D. Ind. May 18, 2017); *Southerland v. Colvin*, No. 1:14-CV-01177-TWP-MJD, 2016 WL233613, at *2 (S.D. Ind. Jan. 19, 2016); *Ledbetter v. Colvin,* No. 1:13-cv-01173-SEB-TAB, 2015 WL 1885105, at *2 (Apr. 23, 2015). We have properly tasked the Commissioner with this responsibility and accordingly, we overrule the Commissioner's first objection to the R&R.

### B. Second Objection—proposed requirement to file with the Court the supporting evidence of any debt owed by Barker

The Commissioner also objects to the R&R because it would require her to file a statement, along with supporting evidence, if she finds that Barker owes a debt to the United States Government. Obj. at 4-5. In this regard, the Commissioner asserts that the Treasury offset program information is protected by the Privacy Act, 5 U.S.C. § 552a;

further, the Treasury generally does not disclose the amount of money owed by a debtor to the federal government. *Id*. at 5. Thus, says the Commissioner, she cannot fulfill the Magistrate Judge's recommended requirement, assuming an inquiry revealed any outstanding debt owed to the Government by Barker, that she file with the Court a statement that she would exercise the right of offset, along with supporting evidence of the debt. R&R at 2. *Id*.

The Magistrate Judge has correctly noted that EAJA fees are payable in the first instance to litigants and may be used to offset outstanding debt. *Id*.; *see Astrue v. Ratliff*, 560 U.S. 586, 591 (2010). The R&R directs the Commissioner to verify whether Barker owes any pre-existing debt to the Government. R&R at 2. Assuming Barker does not have any such debt, the Commissioner is required to direct the fee award to Barker's attorney. *Id*. Alternatively, the Magistrate Judge recommends, in the event that Barker does owe outstanding debt, that the Commissioner file a statement along with supporting evidence of such debt within sixty days of the Court's fee award. *Id*. Barker requests that the Court award the EAJA fees directly to his attorney of record, offset by the outstanding debt to the Government, if any. Dkt. Nos. 27 and 27-1.

The Magistrate Judge's order comports with the Supreme Court's decision in *Ratliff*, as well as with the Seventh Circuit's holding in *Matthews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), by providing that EAJA fees may be awarded to a plaintiff rather than to plaintiff's lawyer to whom the fee award was assigned only if the plaintiff "has debts that may be prior to what [he] owes [his] lawyer." This is appropriate where,

as here, the record does not contain evidence establishing that Barker owes outstanding debt to the United States.

The Commissioner objects to the requirement that she report to the Court following an inquiry into whether Barker owes pre-existing debt because "the Treasury generally does not disclose the amount of debt owed by a debtor." Obj. at 5 (citing EAJA Overview at 5-6). The Commissioner is not required to specify the amount of debt. R&R at 2. Rather, in the event Barker owes outstanding debt, that the Commissioner must file a statement notifying the Court of her intention to exercise her right of offset and provide evidence of such debt. R&R at 2. Moreover, as noted above, the Treasury's Fiscal Service is authorized to disclose such information to the Commissioner because her inquiry relates to ongoing litigation. *See* EAJA Overview, *supra* n. 2, at 4.

Our Court has taken this approach in similar cases where the plaintiff's EAJA fees were assigned to counsel and where the plaintiff's prior debts were unknown. *See e.g.*, *Staley*, No. 4:15-cv-00178-RLY-TAB, 2017 WL 2181151, at *3. Accordingly, we overrule the Commissioner's second objection to the R&R as well.

We adopt the Magistrate Judge's recommendation to grant Barker's petition for attorney's fees under the EAJA in the amount of $3,978, to be paid directly to counsel within 70 days according to the EAJA assignment on file with the Court (Dkt. No. 27-1). The regular process of determining at the time payment whether Barker has any debts owed to the federal government that must offset the fee award shall proceed. If during the 70-day period the Commissioner discovers that Barker owes an outstanding debt to the government, the Commissioner must file a statement with the Court, along with

supporting evidence of the debt, indicating whether the Commissioner will exercise her right of offset. The issue of whether to pay any remaining award to Barker's counsel according to the EAJA assignment can then be resolved.

**Conclusion**

The Commissioner's objections are OVERRULED. We adopt the recommendations set forth in the Magistrate Judge's R&R as outlined above.

IT IS SO ORDERED.

Date: _____3/1/2018_____   _____
                            SARAH EVANS BARKER, JUDGE
                            United States District Court
                            Southern District of Indiana


Distribution:

Charles D. Hankey
charleshankey@.hankeylawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
Kathryn.olivier@usdoj.gov